UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFERY DODEN,

     Plaintiff,

v.                            Case No.:  2:23-cv-569-SPC-NPM

EXPERIAN INFORMATION
SOLUTIONS, INC. and NEWREZ
LLC,

     Defendants.
_____/

## **ORDER**

Before the Court is Defendant Newrez LLC's Unopposed Motion to Consolidate.  (Doc. 21).  Plaintiff Jeffery Doden sues Newrez and Defendant Experian Information Solutions, Inc. under the Fair Credit Reporting Act.  His wife, Starlet Doden, does the same but in a separate suit before the undersigned—2:23-cv-574.  The same lawyers represent the couple and Defendants in both actions.  Newrez now moves to consolidate the cases under Federal Rule of Civil Procedure 42 and Local Rule 1.07(b).  All parties agree to the consolidation.  (Doc. 21 at 3).

Rule 42 says, "If actions before the court involve common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any orders to avoid

unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts have discretion to consolidate similar cases. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 2010). Local Rule 1.07(b) piggybacks Rule 42 and addresses consolidation:

> If actions assigned to a judge present the probability of inefficiency or inconsistency, a party may move to consolidate the actions. The party must file the motion in one action and a notice and a copy of the motion in the other action. The judge can order the clerk to assign to the consolidated actions the magistrate judge assigned to the first-filed action.

Local Rule 1.07(b).

Because the married Dodens separately sue the same Defendants over the same home mortgage loan, it would be an inefficient use of party and judicial resources to litigate the similar disputes in parallel actions. And because the cases were filed just two months ago, consolidation will not delay them. Consolidation also should not place unfair burdens on the parties or witnesses. Nor should it lead to prejudice or possible confusion of the issues. At bottom, the Court finds that consolidation will promote the interests of judicial economy and convenience, and not yield any substantial inconvenience, delay, or expense for the parties or Court. The Court thus will exercise its discretion to consolidate the cases through trial.[1]

---

[1] Should any party wish to pursue separate trials, they may move for such relief later in litigation.

Accordingly, it is

**ORDERED:**

1. Defendant Newrez LLC's Unopposed Motion to Consolidate (Doc. 21) is **GRANTED**.

2. The Clerk is **DIRECTED** to consolidate cases 2:23-cv-569 and 2:23-cv-574 under **MASTER CASE NUMBER** 2:23-cv-569 (the "Consolidated Case"). All subsequent filings must be made in the Consolidated Case.

3. The Clerk is **DIRECTED** to assign United States Magistrate Judge Nicholas P. Mizell as the magistrate judge in 2:23-cv-569 and 2:23-cv-574.

4. The Clerk is **DIRECTED** to docket notice of this Order in 2:23-cv-574.

5. Upon consolidation, all parties must continue to comply with the Amended FCRA Fast-Track Scheduling Order (Doc. 13).

**DONE** and **ORDERED** in Fort Myers, Florida on October 23, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record